IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:23-cr-00584-KWR |
| | ) | |
| KENNETH DICKEY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR COMPETENCY EVALUATION

The United States moved this Court, pursuant to 18 U.S.C. § 4241(a), for a hearing to determine Defendant's competency to stand trial.  Doc. 8.  The United States based its request on the allegations in the criminal complaint, Doc. 1, which documented "Defendant's recent volatile behavior, irrational threats regarding [their][1] mail delivery, and threats against law enforcement and family members."  Doc. 8 at 1.  Barry Klopfer, Mr. Dickey's attorney, opposed the motion, stating that his interactions with Mr. Dickey before the hearing on April 28, 2023, were normal, and that he believed Mr. Dickey was competent to proceed.  The Court held a brief hearing on the issue of whether a competency evaluation was appropriate.  For the following reasons, the Court denies the United States' request for a competency evaluation.

On Thursday, April 27, 2023, the Court conducted an initial appearance in this case, and Mr. Dickey acted appropriately throughout the hearing.  Mr. Dickey stated that they understood their rights, they had received a copy of the criminal complaint and understood the charges

---

[1] Mr. Dickey stated that their preferred pronouns were "they, them, and their."  They expressed no preference regarding "Mr." or "Ms.," leaving that choice to the Court's discretion.

against them, and they also understood the potential penalties they were facing. At the hearing on April 28, 2023, the Court placed Mr. Dickey under oath, and Mr. Klopfer questioned Mr. Dickey about issues relating to competency. Mr. Dickey again stated that they understood the charges against them, that they understood that they were facing up to a year in custody as potential punishment, that Mr. Klopfer was the attorney assigned to represent them, and that Mr. Armijo was the prosecutor. Mr. Dickey understood that I was the judge. They also understood that if the case went to trial, there would be a jury. At trial, Mr. Armijo would present the government's evidence against them, and that Mr. Klopfer would defend them. Mr. Dickey appeared to understand the nature and consequences of the proceedings against them, and appeared able to assist properly in their defense. *See* 18 U.S.C. § 4247(c)(4)(A). The Court does not find that there is reasonable cause to believe that Mr. Dickey may presently be suffering from a mental disease or defect rendering them mentally incompetent to proceed. *See* 18 U.S.C. § 4241(a).

The Court notes that the allegations in the criminal complaint may suggest that Mr. Dickey suffers from some mental disorder that may have caused them to engage in volatile and/or irrational behavior, but that does not mean that Mr. Dickey is not competent to proceed to trial. *See Wolf v. United States*, 430 F.2d 443, 445 (10th Cir. 1970) ("The presence of some degree of mental disorder in the defendant does not necessarily mean that he is incompetent . . . ."). Nothing in the pretrial services report suggested that Mr. Dickey was not competent to proceed, and Mr. Dickey's behavior and answers to questions during two hearings on two different days did not suggest they were incompetent. The Court therefore denies the United States motion for a competency evaluation.

_____
UNITED STATES MAGISTRATE JUDGE